### VOGTS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. October, 1901.)

STREET RAILWAYS—COLLISIONS—TRAVELERS—CONTRIBUTORY NEGLIGENCE.

A traveler in an unlighted wagon drove onto the downtown track of a street railway, when both the downtown and uptown cars were each about half a block away, and waited until the uptown car passed him, but before he could cross the uptown track, and as he was starting to

do so, the rapidly running downtown car struck his wagon. *Held*, that he was guilty of contributory negligence in waiting on the track, warranting the granting of a nonsuit.

Appeal from municipal court, borough of Manhattan, Third district.

Action by John J. Vogts against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before McADAM, P. J., and MacLEAN and SCOTT, JJ.

G. Glenn Worden, for appellant.

John J. Buckley, for respondent.

McADAM, P. J. The action was to recover for injuries to the plaintiff's horse and wagon, and merchandise contained in the wagon, caused by the alleged negligence of defendant. The accident occurred at Seventeenth street and Fourth avenue, in the borough of Manhattan. The plaintiff's driver testified that on December 22, 1900, at about 9:20 p. m., he drove east across Seventeenth street; that at Fourth avenue, after he had reached the downtown track of defendant's railroad, he stopped his horse to allow defendant's uptown car to pass him; and that after the uptown car passed him, and while attempting to get his horse over the uptown track, defendant's south-bound car struck his wagon, thereby causing the horse to fall, and overturning the wagon, and inflicting the injuries complained of.

The vital question on this appeal is presented by the exception to the denial of defendant's motion, made at the end of plaintiff's testimony, and renewed at the end of the entire case, to dismiss the complaint on the ground that plaintiff had not proved negligence on the part of defendant, and plaintiff's freedom from contributory negligence. The driver testified that he drove slowly, and after he reached the downtown track he was equidistant from the uptown and downtown cars, each of them being half a block away from him; that he waited for the uptown car to pass him, and let off passengers at Seventeenth street; that he then started his horse, and immediately after resuming his course was struck by the downtown car. It appears that the night was dark, the wagon unlighted, and that the south-bound car was running rapidly.

Assuming that the defendant negligently operated the downtown car, and that the plaintiff's driver's testimony is true, we think that the driver was guilty of negligence, contributing to the accident, in waiting on the south-bound track until the uptown car passed him. So that not only does this witness not prove absence of contributory negligence, but he affirmatively proves that he was guilty of negligence contributing to the accident; for the plaintiff's proof shows that there was nothing to hinder the driver from backing his horse west of the south-bound track, or standing west of that track until the south-bound car passed him. The unreliability of the evidence in behalf of plaintiff may be judged from the fact that the driver swore he waited on the south-bound track three minutes for the uptown

car to pass him, and that another of plaintiff's witnesses positively and emphatically swore that defendant's south-bound car traveled 200 feet in one second. The little reliable testimony as to the cause of the accident furnished on plaintiff's part was clearly outweighed by the evidence of defendant's witnesses. We think the motion for a nonsuit should have been granted.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.